Plaintiffs motion for summary judgment arises under the mechanics of section 46(b) of the Internal Revenue Code relating to the carryback of excess investment tax credits. There does not appear to be any substantive issue for the court to decide at this point. Defendant’s response to the motion states that a concession has been approved on behalf of the Attorney General and that, as soon as a recomputation is completed, defendant will execute a stipulation for entry of judgment for the appropriate amounts of tax and interest.
Plaintiffs’ counsel was advised by a letter from defendant dated July 6, 1982, of concession of the tax issue raised in the pleadings. Defendant’s response expresses no objection to the court allowing the motion and remanding the case to the trial judge for a determination of the amount of recovery. It would seem therefore that on the pending tax issues the trial judge’s participation would probably be ministerial but useful in expediting the resolution of the case. We intimate no decision, however, on plaintiffs’ claim for attorney fees and costs, as to which no evidence has been presented. This issue too must be resolved by the trial judge.
it is therefore ordered that plaintiffs’ motion for summary judgment filed July 6, 1982, is allowed on the *958 refund issue and the plaintiffs are entitled to a judgment as a matter of law. The case is remanded to the trial judge for a determination of the amount of recovery. Rule 131(c)(2).
On October 28, 1982, pursuant to the parties’ stipulation, judgment for plaintiffs was entered for $30,511 plus statutory interest.